UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARISTOTELLIS Z.,<br><br>    Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant.* | No. 20 CV 5092<br><br>Judge Manish S. Shah |

MEMORANDUM OPINION AND ORDER

Plaintiff Aristotellis Z.[1] appeals the Social Security Commissioner's denial of disability insurance benefits. For the reasons that follow, the decision is affirmed.

I.     **Legal Standards**

Because the Social Security Appeals Council denied review, the administrative law judge's ruling is a final decision under the Social Security Act, 42 U.S.C. § 405(g). *See Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). Judicial review is confined to whether the ALJ applied the proper legal criteria and supported her decision with substantial evidence. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

---

* Under Federal Rule of Civil Procedure 25(d), Acting Social Security Commissioner Kilolo Kijakazi replaces former Commissioner Andrew Saul as the defendant in this case.

[1] I refer to plaintiff by his first name and the first initial of his last name to comply with Internal Operating Procedure 22.

## II.     Background

Plaintiff, a 61-year-old former airline pilot, applied for Social Security benefits claiming disability as of October 23, 2017, due to allergic asthma, reactive airway disease, cough, diabetes, GERD, and obesity. R. 147–48, 167, 170–71.[2] Plaintiff's date of last insured was September 30, 2019. R. 15.

At a hearing before the ALJ, plaintiff testified about his work as an airline pilot from 1984 until 2017. R. 32–34. Plaintiff explained that he stopped working because of chronic and worsening coughing fits. R. 35–36. Plaintiff said that his cough symptoms began in 1987, but he was able to work until 2017, when his cough became uncontrollable. R. 43, 45. Plaintiff testified that his job required constant communication, and that when he had "to communicate, especially with [Air Traffic Control] and I have delays in my communications that is not a good thing." R. 36. Moreover, plaintiff said that "most of the time" he had to rely on his co-pilot to communicate with Air Traffic Control for him because he could not keep up with the frequency of communication. R. 46, 49. Plaintiff also testified that he was dealing with a partially torn tendon in his left ankle, and that he had just started wearing a walking boot but had not started physical therapy yet. R. 38–39.

The ALJ applied the agency's five-step process to determine plaintiff's disability status, assessing: (1) whether plaintiff is currently employed; (2) whether plaintiff has a severe impairment; (3) whether plaintiff's impairment is considered

---

[2] The administrative record, cited as R., can be found at [11-1]. Bracketed numbers refer to entries on the district court docket. Other than citations to the administrative record, referenced page numbers are taken from the CM/ECF header placed at the top of filings.

conclusively disabling; (4) if plaintiff does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether plaintiff is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v). If the agency can determine that a claimant is disabled (or not) at a step, it does not continue to the next step. *Id.* at § 404.1520(a)(4). The claimant has the burden of proving disability at steps one through four, but the burden shifts to the Commissioner at step five. *See Gedatus*, 994 F.3d at 898.

At steps one and two, the ALJ found that plaintiff had not been employed since October 23, 2017, and had the following severe impairments: asthma; pulmonary nodules with chronic cough; and obesity. R. 15. The ALJ also found that plaintiff had a left ankle tendon tear as of June 19, 2019. *Id.* At step three, the ALJ determined that none of those impairments met or medically equaled the severity of any listed impairment. R. 16. The ALJ found that plaintiff's respiratory impairments did not meet or equal Listings 3.02 (chronic respiratory disorders) or 3.03 (asthma), because the record did not contain pulmonary function studies with scores falling within the ranges of each Listing, and plaintiff was not hospitalized three times within twelve months due to complications. *See* 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, §§ 3.02–3.03. The ALJ also found that plaintiff's ankle tear did not meet or equal Listing 1.02 (major dysfunction of a joint) because the record did not demonstrate that plaintiff's injury resulted in an inability to ambulate effectively for more than 12 months. R. 16–17.

3

At step four, the ALJ concluded that plaintiff had the residual functional capacity to perform medium work (with some environmental restrictions) from the onset date to June 18, 2019, and light work after that due to his left ankle tear. R. 17. After reviewing plaintiff's testimony and the medical evidence, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but plaintiff's allegations regarding the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with evidence in the record. R. 18. The ALJ reviewed records from over a dozen doctor visits between 2017 and 2019. R. 18–20. She acknowledged that the medical records documented a history of chronic cough, asthma, and plaintiff reporting shortness of breath when talking. R. 18–20. But the examinations also showed that plaintiff had clear lungs, chest, and breath sounds; good air movement; no dyspnea; and normal pulmonary function. *Id*. Records also showed that plaintiff's cough symptoms improved with medication. *Id*. And while plaintiff testified about his difficulty maintaining a conversation due to his cough, the ALJ observed that none of his physicians reported an inability to talk or hold a conversation. *Id*.

Finally, the ALJ found that plaintiff was capable of performing past relevant work as an airline pilot. R. 21. A vocational expert testified that an individual confined to medium or light work could perform the past relevant work as an airline pilot per the Dictionary of Occupational Titles. R. 52–53. The expert also testified that an individual confined light work could not perform the past work as performed by plaintiff, and an individual capable of sedentary work could not perform past

4

relevant work. *Id*. The ALJ adopted the testimony of the vocational expert and concluded that, in light of plaintiff's residual functioning capacity, he was able to perform his past relevant work and therefore not disabled. R. 21–22.

### III. Analysis

In reviewing the ALJ's decision, the court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Instead, I consider whether the ALJ built an "accurate and logical bridge" between the evidence and her conclusion. *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (quoting *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014)). An ALJ must provide enough for the court to trace the path of her reasoning. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

Here, the ALJ adequately linked the evidence related to plaintiff's limitations to her conclusion that plaintiff could perform past relevant work. The ALJ determined that objective medical records did not substantiate plaintiff's allegations regarding the severity and intensity of his limitations. *See* 20 C.F.R. § 404.1529(c)(2), (3); *Vang v. Saul*, 805 Fed. App'x 398, 401 (7th Cir. 2020) ("An ALJ may give less weight to an opinion that is unsupported by objective evidence."). The ALJ did not ignore evidence favorable to plaintiff, and plaintiff does not provide any examples of evidence that the ALJ ignored in reaching her RFC finding. The ALJ analyzed plaintiff's asserted limitations in light of the medical records documenting his

impairments and reasonably determined that the objective evidence did not support plaintiff's allegations regarding the severity of his symptoms.

On appeal, plaintiff primarily argues that the ALJ did not support with substantial evidence either her RFC finding or her finding that plaintiff could perform past relevant work. The vocational expert testified that a person incapable of frequent and effective speech could not perform as an airline pilot, and plaintiff contends that the audio file of the administrative hearing unequivocally shows that plaintiff could not maintain frequent and effective speech. According to plaintiff, the ALJ should have accepted his claims regarding the intensity and severity of his symptoms based on his difficulty speaking during the hearing and his testimony that he can no longer fly due to federal regulations.

But the ALJ was not required to accept claims unsupported by medical evidence in the record. The ALJ addressed plaintiff's testimony about difficulty breathing and speaking, along with plaintiff's belief that he could not work. R. 17–18. The ALJ determined, however, that the medical evidence did not support greater limitations based on plaintiff's ability to communicate. R. 18, 20. The ALJ did not err when the record lacked medical opinions recommending limitations beyond those included in the RFC. *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004); *see also Recha v. Saul*, 843 Fed. App'x 1, 4 (7th Cir. 2021); *Dudley v. Berryhill*, 773 Fed. App'x 838, 843 (7th Cir. 2019) ("When no doctor's opinion indicates greater limitations than those found by the ALJ, there is no error."). And while plaintiff says the audio file of the hearing demonstrates that he cannot maintain frequent and effective speech,

plaintiff did not supplement the administrative record with audio from the hearing. Even if he had, the ALJ communicated with plaintiff throughout the hearing and was better positioned to determine the weight and credibility of his claims. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017) (court will "not reweigh the evidence or substitute [its] judgment for that of the ALJ").

Plaintiff also asserts that the ALJ should have found him confined to sedentary work based on his left ankle tear. If he were capable of only sedentary work, plaintiff posits, then he could not perform past relevant work as a pilot and Grid Rule 201.06 would direct a finding of disability. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201.06. Plaintiff provides only a conclusory assertion that he is "reduced to no greater than sedentary type work as a result of a moderate grade partial tear" in his ankle. [13] at 3–4. For starters, advancing this sort of perfunctory and undeveloped argument ordinarily amounts to waiver. *See M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017). But even setting the waiver issue aside, an ankle tear alone does not conclusively show that a claimant is confined to sedentary work. The ALJ found that there was no record evidence of continuous ambulatory impairment due to the left ankle injury, and plaintiff offers no additional evidence that contradicts the ALJ's RFC finding. Plaintiff requests a remand so that a medical expert can opine on his ankle tear, but his failure to develop the record does not provide a basis for remand. *See* 20 C.F.R. § 404.1512; *Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004) ("It is axiomatic that the claimant bears

7

the burden of supplying adequate records and evidence to prove their claim of disability.").

Plaintiff also raises a number of new arguments in his reply brief. These arguments also pose waiver problems—"arguments raised for the first time in [a] reply brief are waived because they leave no chance to respond." *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021); *see also Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019). But again, even if not waived, plaintiff's arguments would not provide a basis for remand.

Plaintiff contends that the ALJ should have found that his impairments met or equaled the severity of Listing 2.09, which directs a finding of disability when a claimant has experienced "[l]oss of speech due to any cause, with inability to produce by any means speech that can be heard, understood, or sustained." *See* 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, § 2.09. Citing Social Security Ruling 82-57, plaintiff argues that remand is proper because "[w]hen a refined assessment of speech proficiency is necessary, it should be made by an otolaryngologist or a speech therapist." SSR 82-57, 1982 WL 31382, at *1.

Recall, however, that plaintiff bears the burden of showing that one of the Listings applies. The ALJ had no obligation "to seek evidence of medical equivalence from a medical expert" or to proactively set up an examination by an otolaryngologist or a speech therapist. *See Wilder v. Kijakazi*, —F.4th— (7th Cir. 2022), 2022 WL 34780, at *7. Again, plaintiff's failure to build the record below does not justify remand. And as noted above, the record does not contain medical evidence to support

8

a finding that plaintiff was unable "to produce any means of speech that can be heard, understood, or sustained." *See* 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, § 2.09. Plaintiff cites no record evidence to contradict the ALJ's finding that plaintiff's impairments did not meet or equal a Listing. Substantial evidence supports the ALJ's finding, and the ALJ's failure to expressly consider Listing 2.09 was not reversible error here. *See Wilder*, 2022 WL 34780, at *6 (ALJ not required "to scour the Listings for a possible match, no matter how unlikely").

Plaintiff's remaining arguments also fail. First, plaintiff says that the ALJ erred in not applying Grid Rule 202.06. But this applies only if the claimant cannot perform past relevant work. *See* 20 C.F.R. Pt. 404, Subpt. P, Appx. 2, § 202.00(c). The ALJ adopted the vocational expert's testimony and found that even if confined to light work, plaintiff could perform past relevant work as generally performed. Second, plaintiff says that the ALJ erred in failing to resolve a conflict in the vocational expert's testimony under Social Security Ruling 00-4P. But there was no conflict to resolve. The vocational expert testified that a hypothetical individual with plaintiff's background could perform past relevant work if capable of performing medium or light work. R. 52–53. The ALJ then asked whether the same hypothetical individual could perform past work if able to only occasionally communicate or talk, and the vocational expert said no. R. 53–54. There's no inconsistency in the vocational expert's testimony. If the ALJ had found that plaintiff could only occasionally talk, the vocational expert's testimony would have directed a finding—regardless of

9

exertional level—that plaintiff could not perform past relevant work. The ALJ did not make that finding, however, because the medical record didn't support it.

## IV. Conclusion

Plaintiff's motion for summary judgment [13] is denied and the Commissioner's motion [19] is granted. The Commissioner's decision is affirmed. Enter judgment and terminate case.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: January 28, 2022